R. W. ROCHFORD v. STATE.

Nos. A-910, A-911. Opinion Filed January 2, 1912.

Appeal from Kay County Court; Claude Duval, Judge.

R. W. Rochford was convicted of violations of the prohibition law, and appeals. Reversed.

Herman S. Gurley, for plaintiff in error.

PER CURIAM. The plaintiff in error was convicted on two indictments returned in the district court and duly transferred to the county court of Kay county. Each indictment charges that he did have in his possession intoxicating liquor with the intent to violate provisions of the prohibition law. On May 28, 1910, judgment and sentence was entered in each case. In each case the state introduced but one witness, the agent of the Santa Fe system at Kaw City, who produced the freight delivery receipt, and identified the signature thereto as that of the defendant. Over the defendant's objection the receipt was introduced in evidence. The witness testified that he had no personal knowledge of the shipment. The facts and issues in these cases, and the assignments of error are the same as in the case of **G. W. Cook v. State,** infra, and present the same questions. For the reasons given in the opinion in that case, the judgments are reversed.

---

LEE HERMAN v. STATE.

No. A-909. Opinion Filed January 3, 1912.

Appeal from Kay County Court; Claude Duval, Judge.

Herman S. Gurley, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted upon an indictment returned in the district court and duly transferred to the county court of Kay county, which charged that he did have in his possession intoxicating liquor with intent to violate the provisions of the prohibition law. May 28, 1910, in accordance with the verdict of the jury, defendant was sentenced to serve a term of sixty days in the county jail and to pay a fine of five hundred dollars. To reverse the judgment this appeal was taken. The state introduced but one witness, the agent of the Santa Fe system at Kaw City, who produced a freight delivery receipt signed by the defendant. On cross-examination he testified that as agent he should have a bill of lading on file, but he did not know what had become of the bill of lading, for the shipment receipted for, and that all he knew about the shipment was by the form it was billed. This was all the testimony in the case. Defendant requested a peremptory instruction to acquit. The facts and issues in this case are the same as in the case of **G. W. Cook v. State,** infra. For the reasons given in the opinion in that case the judgment is reversed.